DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, McKenzie Mechanical Contractors, Inc., ("McKenzie") appeals the decision of the Oberlin Municipal Court entering summary judgment in favor of Appellee, Tradesmen International, Inc., ("TII") and denying its counterclaim. We affirm the decision of the lower court.
 {¶ 2} TII is a company that employs "skilled construction craftsmen, [and] provid[es those] tradesmen to customers' job sites when needed." McKenzie is a mechanical/plumbing contractor. On December 3, 2002, TII entered into a contract with McKenzie whereby TII agreed to provide a skilled laborer to McKenzie in exchange for payment. The laborer, Fred Riebau, was sent to McKenzie from TII as a master plumber. According to McKenzie, Riebau performed inferior work, and after two weeks, McKenzie terminated his services. $1,769.00 was left unpaid, causing TII to file the underlying lawsuit.
 {¶ 3} TII filed a complaint in the Oberlin Municipal Court on April 30, 2004, seeking $1,769.00, which represented the amount owed it from McKenzie for "goods, materials and/or services delivered." McKenzie counterclaimed seeking $9,202.04 in damages, claiming that it sustained such damages as a result of Riebau's faulty work. McKenzie argues that TII had guaranteed the work of the laborers that it provided, and thus, is liable for its damages. TII opposed McKenzie's counterclaim, denying that it provided any sort of guarantee regarding the laborer's work, other than a guarantee made that if McKenzie was displeased with the work, it could send back the worker to TII within the first four hours, without expense.
 {¶ 4} TII filed a motion for summary judgment seeking a judgment in its favor on McKenzie's counterclaims, and further seeking a judgment in its favor for the amount owed it from McKenzie. The trial court, on March 29, 2005, granted TII summary judgment on McKenzie's counterclaim. Based upon stipulations that both parties entered into, the court granted judgment in favor of TII in the sum of $1,769.00 plus interest on May 2, 2005.
 {¶ 5} McKenzie has appealed, asserting two assignments of error for our review. To facilitate ease of discussion, we will consider both assignments of error together.
 ASSIGNMENT OF ERROR I
"The Trial Court erred in entering summary judgment as to the Counterclaim of Defendant-Appellant McKenzie Mechanical Contractors, Inc."
 ASSIGNMENT OF ERROR II
"The Trial Court erred in finding that the disclaimer found in paragraph 4(a) of the Agreement between the parties bars the Counterclaim of Defendant-Appellant McKenzie Mechanical Contractors, Inc."
 {¶ 6} In both assignments of error, McKenzie claims that the trial court erred in entering summary judgment in favor of TII on its counterclaim. Specifically, McKenzie claims that the trial court erred when it found that the disclaimer in paragraph 4(a) of the client services agreement barred its counterclaim. We disagree.
 {¶ 7} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 9} In this case, we find that McKenzie has not met theDresher standard in showing that there are genuine factual issues remaining to be litigated. While McKenzie argues that TII provided a guarantee, and should be liable for the damages that its employee caused, we agree with TII and the lower court, and find that the disclaimer in the client services agreement prevents such recovery.
 {¶ 10} In the second paragraph of its counterclaim, McKenzie states that TII "failed to fulfill its obligations under the Agreement by failing to provide experienced and qualified temporary labor. Instead [TII] provided temporary labor that was unqualified and inexperienced." As a result, McKenzie argues, it suffered almost $10,000 in damages.
 {¶ 11} McKenzie points to Paragraph 2(b) of the client services agreement in support of its assertion that TII provided a guarantee. Paragraph 2(b) provides as follows:
"[TII] will guarantee that the worker sent to the Client's job site will be of the quality and have the knowledge the Client requested. If, in the Client's opinion, this is not the case, then the Client has the option of sending the worker back to [TII] within the first four (4) hours of the first day at no charge to the Client. Client is solely responsible for directing, supervising, and controlling [TII] employees as well as their work."
 {¶ 12} TII claims, and we agree, that the language of the above provision is clear. It provides that if the client (in this case McKenzie) was unhappy with the worker's (Riebau) work, it could have, within the first four hours that Riebau was on the job, sent him back to TII without a charge. We do not read Paragraph 2(a) to provide any guarantee in addition to the four-hour guarantee.
 {¶ 13} McKenzie signed the client services agreement, and initialed paragraph 4(a), in which it agreed that TII "is neither a guarantor, nor insurer and will not be liable for any injury, loss, or damage to persons or property that may arise from the performance or non-performance of the work by [TII] employees, or the conduct of any other person on the job site."
 {¶ 14} The above language provides a four-hour guarantee, and any guarantee beyond that four-hour window is expressly disclaimed in paragraph 4(a) of the client services agreement. The client services agreement is a single page with five paragraphs. McKenzie initialed each one of the five paragraphs and signed the agreement at the bottom, accepting the terms set forth in the agreement. The terms of the agreement are clear, and do not provide a basis for McKenzie's counterclaim liability theory.
 {¶ 15} Based on the above, we do not find that the trial court erred in granting summary judgment to TII on McKenzie's counterclaim. McKenzie has not met its Dresher burden in overcoming TII's motion for summary judgment. McKenzie's two assignments of error are overruled and the decision of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Concurs.